UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Juan A., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; Immigration and Customs Enforcement; Daren K. Margolin, Director for Executive Office for Immigration Review; Executive Office for Immigration Review; and David Easterwood, Fort Snelling Field Office Immigration and Customs Enforcement, <br><br> Respondents. | No. 26-cv-0415 (SRN/EMB) <br><br><br> **ORDER** |

Maria Miller, Martin Law, 7900 Xerxes Ave. S., Ste. 220, Bloomington, MN 55431, for Petitioner

Ana Voss, U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, for Respondents

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Petition for a Writ of Habeas Corpus ("Petition") [Doc. No. 1] filed by Petitioner Juan A. Petitioner seeks immediate release from detention or, in the

1

alternative, an opportunity for a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents oppose the Petition.[1] (Resp'ts' Opp'n [Doc. No. 4].)

The Court has taken the Petition under advisement on the papers. For the reasons set forth below, the Petition is granted as to a bond hearing.

I.   BACKGROUND

Petitioner is a citizen of El Salvador and a resident of Belle Plaine, Minnesota. (Pet. ¶ 14.) He entered the United States without inspection for the first time in 2004. (*Id.* ¶ 32.) He returned to El Salvador and entered the United States for a second time on January 19, 2015. (*Id.*) Since that time, he has continuously remined in the United States. (*Id.*) Petitioner did not have contact with immigration authorities upon entering the United States on either occasion. (*Id.* ¶ 33.)

After his entry into the United States in 2015, Petitioner was placed in removal proceedings. (*Id.*) On April 27, 2022, the Immigration Court dismissed his removal proceedings in an exercise of prosecutorial discretion. (*Id.*)

On January 17, 2026, Immigration and Customs Enforcement ("ICE") agents detained Petitioner, who is currently detained in the Sherburne County Jail. Dep't of Homeland Sec., ICE, *Online Detainee Locator System*, https://locator.ice.gov/odls/#/search (last visited Jan. 21, 2026).

---

[1]   Respondents' Response in Opposition was signed by attorney Matthew Ishihara. Assuming that he is admitted to practice in this District, he has not entered an appearance as counsel of record.

Respondents contend that Petitioner is subject to mandatory detention under § 1225(b)(2) and is therefore not entitled to a bond hearing under 8 U.S.C. § 1226(a). Their position is consistent with new interim guidance from the Department of Homeland Security ("DHS")/ICE, and a recent decision from the Board of Immigration Appeals ("BIA") finding that all persons who enter the United States without inspection, including those who have been residing here for some time, are "applicants for admission" under 8 U.S.C. § 1225(a), subject to mandatory detention, rather than discretionary detention under § 1226(a). *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (noting interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

After his arrest, Petitioner filed the instant Petition, asserting that he is entitled to immediate release or a bond hearing under 8 U.S.C. § 1226(a), at which an immigration judge can assess whether he poses a flight risk or a danger to the community. (Pet. ¶¶ 31–96.) Petitioner also requested that the Court issue an order to show cause enjoining Respondents from moving him outside of this District pending adjudication of his Petition. (Pet. at 30.)

On January 18, 2026, in the Order to Show Cause, the Court enjoined Petitioner's removal or transfer outside of this District until further order of the Court so that Petitioner could consult with his counsel during the pendency of his Petition, and so there is no risk that his removal from Minnesota would deprive the Court of jurisdiction over his Petition. (Order to Show Cause [Doc. No. 3] ¶ 4.)

In Respondents' one-paragraph response to the Petition, they invoke their prior positions, as set forth in *Avila v. Bondi*, No. 25-3248 (8th Cir. Nov. 10, 2025), currently

3

pending before the Eighth Circuit Court of Appeals. (Resp'ts' Opp'n at 1.) It is their position that as a matter of statutory interpretation, Petitioner falls under the provisions of 8 U.S.C. § 1225, not § 1226, and therefore, is not entitled to a bond hearing or release. They concede that the instant Petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided.[2] (*Id.*)

## II.   DISCUSSION

While the parties dispute whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the INA applies to a noncitizen who is already residing in the United States, there is no dispute that Petitioner was arrested while already residing in the United States.

This Court has previously found, along with the Seventh Circuit Court of Appeals— the only circuit court to have addressed the issue—and the vast majority of district courts throughout the country, that the applicable detention scheme for noncitizens already residing in the country is under § 1226(a), absent any exceptions under § 1226(c). *Maldonado v. Olson*, 795 F. Supp. 3d 1134 (D. Minn. 2025), *E.M. v. Noem*, No. 25-cv-3975 (SRN/DTS), 2025 WL 3157839 (D. Minn. Nov. 12, 2025); *Castañon-Nava v. U.S.*

---

[2] Respondents do not challenge subject matter jurisdiction or administrative exhaustion. Nevertheless, the Court briefly addresses these issues. As to jurisdiction, the Court finds that none of the jurisdiction-stripping provisions of 8 U.S.C. § 1252 apply to the question of whether mandatory detention under § 1225(b)(2) or discretionary detention under § 1226(a) applies. *See Maldonado v. Olson*, 795 F. Supp. 3d 1134 (D. Minn. 2025).
  As to exhaustion, requiring administrative exhaustion would be futile in light of *Hurtado*. *See Ortiz v. Freden*, --- F. Supp. 3d ---, No. 25-CV-960-LJV, 2025 WL 3085032, at *5 (W.D.N.Y. Nov. 4. 2025) (finding exhaustion of remedies would be futile, even if petitioner had not exhausted his remedies). Immigration judges would be obliged to follow *Hurtado*'s ruling on the scope of § 1225(b)(2)(A).

*Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *see also Demirel v. Fed. Detention Ctr.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (collecting cases); *Reyes v. Raycraft*, No. 25-12546, 2025 WL 2609425, at *6–7 (E. D. Mich. Sept. 9, 2024) (collecting cases); *Yulexi T. v. Noem*, No. 26-cv-68 (ECT/DTS), 2026 WL 77022, at *2 (D. Minn. Jan. 10, 2026); *Kelvin N. v. Bondi*, No. 26-CV-32 (JMB/JFD), 2026 WL 63423, at *2–3 (D. Minn. Jan. 8, 2026); *Iishaar-Abdi v. Klang*, No. 25-CV-4686 (JRT/DTS), 2025 WL 3764853, at *1 (D. Minn. Dec. 30, 2025); *Awaale v. Noem*, No. 25-cv-4551 (MJD/JFD), 2025 WL 3754012, at *1 (D. Minn. Dec. 29, 2025); *Hugo v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025); *Lionel V.F. v. Bondi*, No. 25-cv-4474 (PJS/LIB), 2025 WL 3485600, at *1 (D. Minn. Dec. 4, 2025). By contrast, § 1225(b)(2) applies to noncitizens at or near the border. *Ortiz v. Freden*, --- F. Supp. 3d ---, No. 25-CV-960-LJV, 2025 WL 3085032, at *10 (W.D.N.Y. Nov. 4. 2025). Respondents do not assert that any of the exceptions under § 1226(c) apply. The Court remains unpersuaded by Respondents' statutory interpretation of §§ 1225(b)(2)(A), but notes that Respondents' arguments are preserved for appeal.

Accordingly, the Court grants Petitioner's request for a bond hearing under § 1226(a), as set forth below.

### III.    ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Juan A.'s Petition for a Writ of Habeas Corpus [Doc. No. 1] is **GRANTED**, as follows:

a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

b. Within seven (7) days of the date of this Order, Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument regarding whether Petitioner is a danger to the community and presents a flight risk if not detained.

c. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.

d. Within ten (10) days of this Order, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

2. Respondents remain **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota before the ordered bond hearing. If the immigration judge determines that the Petitioner is subject to detention under 8 U.S.C. § 1226(a), Respondents may request permission from the Court to move Petitioner if unforeseen or emergency circumstances arise that require Petitioner to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner.

Dated: January 21, 2026
                                                        s/Susan Richard Nelson
                                                        SUSAN RICHARD NELSON
                                                        United States District Judge